```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT


BRUCE D. JEFFERSON              :
                                :        PRISONER
     v.                         :  Case No. 3:01CV1575(JCH)(HBF)
                                :
JOHN ARMSTRONG, et al.          :
```

                        RULING AND ORDER

Plaintiff has renewed his request for appointment of <u>pro bono</u> counsel.  The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel, <u>see, e.g.</u>, <u>Hendricks v. Coughlin</u>, 114 F.3d 390, 393 (2d Cir. 1997); <u>Cooper v. A. Sargenti Co.</u>, 877 F. 2d 170, 172 (2d Cir. 1989), and requires that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  <u>See</u> <u>Hodge v. Police Officers</u>, 802 F.2d 58, 61 (2d Cir. 1986), <u>cert. denied</u>, 502 U.S. 996 (1991).

In the ruling denying plaintiff's previous motion, the court indicated that it could not discern from the information submitted whether plaintiff had attempted to obtain counsel on his own with regard to his case or one of plaintiff's other cases.  Plaintiff was directed to provide more specific information in any renewed motion and also to indicate why the assistance available from Inmates' Legal Assistance Program was inadequate.

Plaintiff does not provide any additional information regarding his attempts to obtain pro bono counsel on his own. Instead he states that he has previously submitted the required proof. As indicated above, the court determined that the information provided was insufficient. Thus, plaintiff still has not demonstrated that he has made sufficient efforts on his own to obtain legal assistance with this case.

Plaintiff also states "that over the past 2 yr's, he has in fact experiences a 'very' uncoroperative unproductive working relationship with the Connecticut State Inmate Legal Assistance Program due to some of his past litigation against some of the panel members of ILAP and the state of Connecticut." He has attached no letter from Inmates' Legal Assistance Program declining legal assistance and does not provide any evidence or description of events to support this statement. The court concludes that this conclusory statement is insufficient to show that plaintiff cannot obtain legal assistance from Inmates' Legal Assistance Program.

Plaintiff's motion for appointment of counsel [**doc. #61**] is **DENIED** without prejudice. Any renewed motion shall include the information referenced in this ruling.

    **SO ORDERED.**

Entered this 12th day of February, 2004, at Bridgeport, Connecticut.

                                  _____/s/_____
                                  HOLLY B. FITZSIMMONS
                                  UNITED STATES MAGISTRATE JUDGE